<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER TABAKA, | |
| Plaintiff, | |
| v. | Case No. 2:20-cv-06600 (BRM) (JAD) |
| ALYSHA LEYRE, *et al.*, | **OPINION** |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Christopher Tabaka's ("Plaintiff") Complaint (ECF No. 1) and Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1-1). Having reviewed Plaintiff's IFP application, the Court finds leave to proceed IFP is warranted and the application is **GRANTED**.[1] Therefore, the Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Having reviewed Plaintiff's filings, for the reasons set forth below and for good cause having been shown, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

---

[1] When a non-prisoner seeks to proceed IFP under 28 U.S.C. § 1915, the applicant is required to submit an affidavit setting forth his assets and attest to his or her inability to pay the requisite fees. *See* 28 U.S.C. § 1915(a); *Stamos v. New Jersey*, Civ. A. No. 09-5828, 2010 WL 457727, at *2 n.3 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) ("While much of the language in Section 1915 addresses 'prisoners,' section 1915(e)(2) applies with equal force to prisoner as well as nonprisoner in forma pauperis cases.") (citation omitted); *see also Roy v. Penn. Nat'l Ins. Co.*, Civ. A. No. 14-4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014). The decision whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976). The Court finds Plaintiff is eligible based on his affidavit.

## I. LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds IFP. *See* 28 U.S.C. § 1915(e)(2)(B); *Stamos v. New Jersey*, Civ. A. No. 09-5828, 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) (applying § 1915 to nonprisoners). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id*.

When a plaintiff is proceeding IFP, the applicable provisions of the PLRA apply to the screening of that complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. To survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). All pleadings are likewise required to meet the pleading requirements of Federal Rule of Civil Procedure 8. Fed. R. Civ. P. 8(a) (requiring, as to complaints, "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought"); *Kanter v. Barella*, 489 F.3d

170, 175 (3d Cir. 2007) (noting the complaint must "provide the opponent with fair notice of a claim and the grounds on which that claim is based").

## II. DECISION

Plaintiff contends he suffered seven to eight hours of inconvenience at the Sydney International Airport when he was entering Australia as a student on December 14, 2017. (ECF No. 1 at 6.) Plaintiff raises his claims under 42 U.S.C. § 1983 and argues the alleged inconvenience caused by the Australian officials implicates the "Fourth Amendment to the United States Constitution."[2] (*Id.* at 2.)

Generally, for actions under § 1983, "[t]he term 'persons' includes *local and state* officers acting under color of *state law*." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (emphasis added) (citing *Hafer v. Melo*, 502 U.S. 21 (1991)). Here, Plaintiff is seeking to impose liability against Australian governmental officials and Australian entities for alleged civil rights violations under the laws of the United States. However, Plaintiff's § 1983 claims do not apply to foreign government officials or foreign entities. *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1515 (9th Cir. 1987)); *cf. Ohno v. Yasuma*, 723 F.3d 984, 995 (9th Cir. 2013) (explaining foreign governments are not bound by the U.S. Constitutions). Indeed, the "persons" Plaintiff seeks to sue fall outside the reach of § 1983.

Additionally, "[t]he political branches, not the Judiciary, have the responsibility and institutional capacity to weigh foreign-policy concerns." *Hernández v. Mesa*, 140 S. Ct. 735, 744 (2020) (citation and quotation marks omitted). "Thus, unless Congress specifically has provided otherwise, courts traditionally have been reluctant to intrude upon the authority of the Executive

---

[2] Plaintiff's allegation he was "prohibited from filing a civil matter in Australia" (ECF No. 1 at 9) strains credulity. *See Auxer v. Alcoa*, 406 F. App'x 600, 603 (3d Cir. 2011) ("[N]umerous federal courts have found Australia to be an adequate alternative forum.").

in [matters relating to the conduct of foreign relations]." *Id.*; *see also Society of Lloyd's v. Ashenden*, 233 F.3d 473, 478 (7th Cir. 2000) (noting no foreign legal system has adopted "every jot and tittle of American due process"). Here, Plaintiff cannot force Australians to come to the Court and defend themselves against Plaintiff merely because Plaintiff alleged his rights under the United States Constitution were violated when he was in Australia. In other words, Plaintiff's request to force Australians to appear in United States courts for violation of United States law that allegedly occurred on foreign soil is beyond the Court's authority. Accordingly, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed IFP (ECF No. 1-1) is **GRANTED**; and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**[3] in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

**Date:** November 24, 2021                              */s/ Brian R. Martinotti*
                                                        **HON. BRIAN R. MARTINOTTI**
                                                        **UNITED STATES DISTRICT JUDGE**

---

[3] There is no remedy the Court can provide Plaintiff for the alleged "seven to eight hours" (ECF No. 1 at 6) of inconvenience and the allegation the Dean of a foreign university "decline[d] to meet with plaintiff" (*id.*, at 7) is too insubstantial to impose any kind of liability. *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (holding a federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the complaint's allegations "are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion") (internal citations and quotation marks omitted); *Degrazia v. F.B.I.*, 316 F. App'x 172, 173 (3d Cir. 2009) (holding district court's *sua sponte* dismissal under Rule 12(b)(1) when those claims met the *Hagans* standard was appropriate). Therefore, amendment will be futile. *See Grayson v. Mayview State Hosp*, 293 F.3d 103, 114 (3d Cir. 2002) (recognizing long tradition of denying leave to amend under Rule 15(a) when amendment is inequitable or futile, and this standard applies to IFP plaintiffs).